**LEWIS BRISBOIS BISGAARD & SMITH LLP**
GREG L. JOHNSON, SB# 132397
 E-Mail: Greg.Johnson@lewisbrisbois.com
TIMOTHY J. NALLY, SB# 288728
 E-Mail: Timothy.Nally@lewisbrisbois.com
BAILEY HARN, SB# 363607
 E-Mail: Bailey.Harn@lewisbrisbois.com
2020 West El Camino Avenue, Suite 700
Sacramento, California 95833
Telephone: 916.564.5400
Facsimile: 916.564.5444

Attorneys for LARADA SCIENCES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DANIELLE GARFINKEL, an individual,<br><br>              Plaintiff,<br><br>    vs.<br><br>LARADA SCIENCES, INC., a Delaware corporation,<br><br>              Defendant. | Case No.<br><br>**DEFENDANT LARADA SCIENCES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>Trial Date:        None Set |

Pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendant Larada Sciences, Inc. ("Larada") removes the above captioned action from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. In support of this Notice of Removal ("Notice"), Larada states as follows:

## I.    PROCEDURAL BACKGROUND AND TIMELINESS OF REMOVAL

1.    On March 26, 2026, Plaintiff Danielle Garfinkel ("Garfinkel") filed the above-captioned action in the Superior Court of California, County of Los Angeles. On March 31, 2026, Garfinkel served the summons and complaint on Larada. A true and correct copy of the complaint and summons are attached hereto as Exhibit 1.

175748155.1

**DEFENDANT LARADA SCIENCES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**

2. Garfinkel's complaint asserts two causes of action: (1) Violation of the California Comprehensive Computer Data Access and Fraud Act ("CDAFA") pursuant to California Penal Code section 502; and (2) "fraud."

3. The Supreme Court affirmed that a defendant need only plausibly allege the requirements for federal jurisdiction to remove. That is, a defendant needs to file in the federal forum a notice of removal only "containing a short and plain statement of the grounds for removal," and when removal is based on diversity, need not submit any evidence with its notice of removal establishing the amount in controversy. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

4. As more fully set forth below, all requirements for removal are satisfied under 28 U.S.C. § 1446(b).

5. The notice of removal of a civil action must be filed within 30 days after service of the complaint and summons on the Defendant. 28 U.S.C. § 1446(b).

6. Larada's Notice was filed on April 29, 2026, less than 30 days after Garfinkel served the summons and complaint; therefore, Larada's Notice is timely.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 84(c) and 1441(a) because the Superior Court of California, County of Los Angeles, lies within the Western Division of the Central District of California.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, including exhibits, is being provided to Garfinkel's counsel, and a copy will be filed with the Superior Court of the State of California, County of Los Angeles, Case No. 26STCV09770.

9. Larada has provided the Court with copies of all process, pleadings, and orders served in the state court action. 28 U.S.C. § 1446(a); Johnson Decl. ¶ 4.

## II. THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332

10. District courts have diversity jurisdiction over civil actions where the action is between citizens of different states and the amount in controversy exceeds

the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### A. Complete diversity exists between the parties in this action

11. The citizenship of a corporation is determined by the state of its incorporation and its principal place of business. 28 U.S.C. § 1332(c).

12. A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). It is usually a singular location of the corporation's main headquarters "from which the corporation radiates out to its constituent parts." *Id.*

13. An individual is a citizen where they are domiciled. *See Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 828 (1989). An individual's domicile is the state where they reside with the intent to remain. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

14. The citizenship of fictitious defendants must be disregarded when determining whether the Court has diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

15. Garfinkel is a citizen of California because the complaint alleges that she is a resident of California, and nothing in the record suggests that she is domiciled elsewhere.

16. Larada is a citizen of Delaware because Delaware is Larada's place of incorporation. Larada is also a citizen of Utah because its headquarters are located there and all of its operations across the country are managed and overseen from that single location.

17. Therefore, complete diversity exists between the parties in the present action because Larada and Garfinkel are citizens of different states, and DOES 1-10 are fictitious defendants whose citizenship is not considered at this stage.

18. At the time of removal, no properly joined and served defendant, which at this stage of the litigation is only Larada, is a citizen of the State of California, and removal is therefore not barred by the forum defendant rule. *See* 28 U.S.C. §

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1441(b)(2).

### B. Amount in Controversy is satisfied in the present action

19. Diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

20. Generally, courts look to the amount demanded by the plaintiff in the complaint to determine if the amount in controversy is met. *Adkins v. J.B. Hunt Transport, Inc.*, 293 F.Supp.3d 1140, 1143 (2018). When a statute mandates or allows the payment of attorneys' fees, those fees are included in assessing the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998)

21. Where, as here, the complaint does not allege a specific sum of damages, the removing defendant need only plausibly allege that the amount in controversy exceeds the jurisdictional threshold. *Dart*, 574 U.S. at 87-89.

22. Although the complaint does not specify a precise amount of damages, it is plausible that, if Garfinkel succeeds on her claims, she would be entitled to recover in excess of $75,000, exclusive of interest and costs. Garfinkel seeks compensatory damages, statutory damages, punitive damages, disgorgement, and injunctive relief pursuant to California Penal Code section 502(e), and "just compensation, including monetary damages" because of Larada's alleged commission of fraud. Considering the breadth of relief sought, including both monetary and non-monetary, the amount in controversy plausibly exceeds the jurisdictional requirement.

23. Accordingly, because complete diversity and the amount in controversy are satisfied, diversity jurisdiction exists under 28 U.S.C. section 1332(a). *See Dart*, 574 U.S. at 87-89.

24. Based on the foregoing, all requirements for removal have been satisfied.

25. Defendants will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal with the Superior Court of California, County of Los

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

175748155.1

4

**DEFENDANT LARADA SCIENCES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**

Angeles, as further required by that Section.

26. The undersigned counsel for Defendants has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. Section 1446(a).

DATED:  April 30, 2026                    LEWIS BRISBOIS BISGAARD & SMITH LLP


                                          By: _____
                                               GREG L. JOHNSON
                                               TIMOTHY J. NALLY
                                               BAILEY HARN
                                               Attorneys for LARADA SCIENCES, INC.

# EXHIBIT 1

SERVER _C. Sr_
DATE _3-31-26_ TIME _11:15_
P/S _Harley Buelle_
ANDERSON ATTORNEY SERVICES #P101391
PO BOX 535, SLC, UT 84110  801-619-1110

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/26/2026 11:59 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

LARADA SCIENCES, INC., a Utah corporation; and DOES 1-10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

DANIELLE GARFINKEL, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Superior Court of California, County of
Los Angeles; 111 N. Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
**(Número del Caso):**

**26STCV09770**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Robert Tauler, Tauler Smith LLP, 626 Wilshire Blvd., Suite 1100, Los Angeles, CA 90017; (310) 590-3927

DATE: 03/26/2026
(Fecha)

Clerk, by David W. Slayton, Executive Officer/Clerk of Court
(Secretario) _Y. Ayala_ , Deputy (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify):  Larada Sciences, Inc.
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Robert Tauler (SBN 241964)
rauler@taulersmith.com
TAULER SMITH LLP
626 Wilshire Boulevard, Suite 1100
Los Angeles, California 90017
Tel: (310) 590-3927

*Attorneys for Plaintiff*

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/26/2026 11:59 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| DANIELLE GARFINKEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LARADA SCIENCES, INC., a Utah corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 26STCV09770<br><br>**COMPLAINT FOR:**<br><br>**(1) FRAUD**<br><br>**(2) VIOLATIONS OF THE CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS AND FRAUD ACT (CALIFORNIA PENAL CODE § 502(e))** |

COMPLAINT

Defendants regularly conduct and/or solicit business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from products and services provided to persons in the State of California. Defendants have engaged, and continues to engage, in substantial and continuous business practices in the State of California.

6.      Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure Section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of revenues from its website based upon interactions with Californians (including instances in which the website operates as a "gateway" to sales), such that the website "is the equivalent of a physical store in California." Since this case involves unlawful conduct emanating from Defendant's operation of its website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal.App.5th 1231 (2020).

7.      Finally, Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because "none of the defendants reside in the state." As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

### III.   PARTIES

8.      Plaintiff is a resident of California who accessed Defendant's website in California when their computer was accessed and used.

9.      Defendant is a Utah corporation that offers head lice-removal services. It operates its website throughout the United States and in this County.

10.     Plaintiff identifies Doe Defendants 1 through 10 as unknown entities that Defendant directed and controlled to participate in implementing or maintaining Defendant's surveillance system. Plaintiff will seek leave to amend this Complaint to identify these entities when Defendant's discovery responses reveal their true names and roles.

11.     Each Doe Defendant acted as Defendant's agent or employee in Defendant's implementation of the surveillance scheme described herein. Each DOE Defendant operated within the

scope of its relationship with Defendant and participated with Defendant in the common plan to unlawfully track California residents for Defendant's commercial gain

## IV.   FACTUAL ALLEGATIONS

12.   Plaintiff visited the Website on November 28, 2025. Plaintiff was physically present in California at the time.  At the time of their visit, Plaintiff was presented with a consent banner that misleadingly makes them believe that they have the ability to accept or reject the use of tracking software.  Plaintiff rejected the use of tracking technologies, however, Defendant nonetheless caused Data Broker Software to access Plaintiff's device, allowing the Data Brokers to install a data mining script on Plaintiff's computer, and allowing Data Brokers to install data files to be placed on Plaintiff's browser for enhanced long-term surveillance of Plaintiff's internet behavior.

13.   Defendant fraudulently and deceptively informed Plaintiff that they could opt out of tracking, therefore allowing the Data Broker software on Plaintiff's computer.

14.   The Data Broker Software on the Website is a data mining script which functions by obtaining information accessed from a visitor's computer, including computer make and model, information regarding the fonts and display settings on Plaintiff's computer and other browser information, routing information, and other technical characteristics.   The Data Broker Software copies this information and transfers it to their servers, where it then makes use of the information by matching the above information with existing profiles in pre-existing data broker databases.  The Data Brokers do this in order to learn the identity of the website visitor.

15.   The Data Broker Software also monitors and records Website visitors' browsing by installing a small tracking data file on their device.   This allows third parties like the Data Brokers to observe website visitor's subsequent behaviors and communications, including their browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data—including whether a user is located in California.

16.   The Data Broker Software is a computer contaminant. The Data Broker Software is designed to, and does, self-propagate to contaminate users' computers, computer systems, and computer networks to record and transmit data that would not otherwise be transmitted or recorded in the normal

- 4 -
COMPLAINT

operation of the computers, computer systems, and computer networks. These technologies usurp the normal operation of computing devices, including Plaintiff's device, because they supplant Plaintiffs' choices in how those devices and their resources are used, in effect turning their computer into a surveillance device.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of CDAFA (Cal. Penal Code. § 502)

17.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

18.     The California Comprehensive Computer Data Access and Fraud Act ("CDAFA") Cal. Penal Code. § 502(a)-(e), makes it unlawful for parties to obtain data from a computer user outside of the scope of their authorization.

19.     The stated legislative intent of CDAFA is to "expand the degree of protection afforded to individuals, businesses, and governmental agencies from tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems." Cal. Penal Code § 502(a). The Legislature did not limit CDAFA to "hacking" in the colloquial sense. Rather, the Legislature expressly declared that CDAFA should apply to various "forms of unauthorized access to computers, computer systems, and computer data" and serve to protect "the integrity of all types and forms of lawfully created computers, computer systems, and computer data," and that doing so was vital to protect the privacy of individuals. Cal. Penal Code § 502(a).

20.     Under CDAFA, it is unlawful to knowingly take, copy or make use of any data from a computer. Cal. Penal Code § 502(c)(2).

21.     The Data Broker Software "copies" information contained on Plaintiff's computer, including browser information, computer make and model, routing information, and other technical characteristics in violation of Cal. Penal Code § 502(c)(2).

22.     The Data Broker Software also "makes use of" information contained on Plaintiff's computer by matching the above information with existing profiles in pre-existing data broker databases. The Data Brokers do this in order to learn the identity of the website visitor.

23.     Similarly, adding "data, computer software, or computer programs" to a device without consent violates CDAFA. Cal. Penal Code § section 502(c)(4).

24.     The Data Broker Software adds data in the form a small data file to Plaintiff's computer, so that it can track Plaintiff's movements on the website, and on other websites Plaintiff might visit.

25.     Penal Code Section 502(c)(6) makes third parties liable if they "[k]nowingly and without permission provides or assists in providing a means of accessing a computer, computer system, or computer network in violation of this section." By allowing the Data Broker Software to operate on its website, despite stating that it will not do so when a user elects not to be tracked, Defendant has knowingly and without permission assisted the Data Brokers in accessing Plaintiff's computer.

26.     Similarly, Defendant's collaboration with the Data Brokers to subvert the purposes and functionality of their consent banner, the unauthorized copying and use of Plaintiff's information has also overcome a technical barrier (the consent banner itself) to obtain unauthorized access to Plaintiff's computer.

27.     Section 502(e) provides a private right of action for "compensatory damages and injunctive relief or other equitable relief." Additionally, a court may award reasonable attorney's fees and punitive damages on a case-by-case basis.

28.     Defendant's use of Data Broker Software with the explicit intent of accessing, copying, and making use of data from Plaintiff's computer for tracking without consent violates CDAFA.

## SECOND CAUSE OF ACTION

### (Fraud)

29.     Plaintiff realleges and incorporates by reference all paragraphs alleged herein.

30.     Defendant fraudulently and deceptively informed Plaintiff that they could opt out of tracking.

31.     However, despite Defendant's representations otherwise, Defendant caused Data Broker Software to access Plaintiff's device, allowing the Data Brokers to obtain, copy, and make use of data to be assimilated to existing Data Broker records, and allowing a data file to be placed on Plaintiff's computer, for enhanced long-term surveillance of Plaintiff's internet behavior.

- 6 -
COMPLAINT

32. These misrepresentations and omissions were known exclusively to, and actively concealed by Defendant, not reasonably known to Plaintiff, and material at the time they were made.

33. Defendant knew, or should have known, how the Website functioned, including the Data Broker Software it installed on the Website, through testing the Website, evaluating its performance metrics by means of their accounts with the Data Brokers, or otherwise, and knew, or should have known, that the Website's programming allowed the data files to be placed on users' (including Plaintiff's) browsers and devices and/or transmitted to the Data Brokers even after users attempted to opt out of tracking, which Defendant promised their users they could do.

34. Defendant's misrepresentations and omissions concerned material facts that were essential to the analysis undertaken by Plaintiff as to whether to use the Website. In misleading Plaintiff not informing them, Defendant breached their duties to Plaintiff. Defendant also gained financially from, and as a result of, their breach.

35. Plaintiff relied to their detriment on Defendant's misrepresentations and fraudulent omissions.

36. Plaintiff has suffered an injury-in-fact, including the loss of money and/or property, as a result of Defendant's unfair, deceptive, and/or unlawful practices, including the unauthorized interception their browsing history, visit history, website interactions, user input data, demographic information, interests and preferences, shopping behaviors, device information, referring URLs, session information, user identifiers, and/or geolocation data, which have value as demonstrated by the use and sale of consumers' browsing activity, as alleged above. Plaintiff has also suffered harm in the form of diminution of the value of his and their private and personally identifiable information and communications.

37. Defendant's actions caused damage to and loss of Plaintiff's property right to control their computer, and the dissemination and use of their personal information and communications.

38. Defendant's representation that consumers could and opt out of tracking was untrue. Had Plaintiff known these facts, they would not have used the Website. Had Defendant disclosed that it caused data files to be stored on Website visitors' devices that cause the disclosure of their device

- 7 -
COMPLAINT

information to data brokers, Plaintiff would have noticed it and would not have interacted with the Website.

39.    By and through such fraud, deceit, misrepresentations and/or omissions, Defendant intended to induce Plaintiff to alter their positions to their detriment. Specifically, Defendant fraudulently and deceptively induced Plaintiff to, without limitation, use the Website under the mistaken belief that Defendant would not permit third parties to track users like Plaintiff when they chose to reject this type of tracking. As a result, Plaintiff provided more personal data than they would have otherwise.

40.    Plaintiff justifiably and reasonably relied on Defendant's misrepresentations and omissions, and, accordingly, were damaged by Defendant's conduct.

41.    As a direct and proximate result of Defendant's misrepresentations and/or omissions, Plaintiff has suffered damages, as alleged above, and are entitled to just compensation, including monetary damages.

42.    Plaintiff seeks punitive damages because Defendant's actions were malicious, oppressive, and  willful, and were calculated to injure Plaintiff and made in conscious disregard of Plaintiff's rights and Plaintiff's rejection of tracking technologies. Punitive damages are warranted to deter Defendant from engaging in future misconduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a.  Compensatory damages, including any expenditure reasonably and necessarily incurred by Plaintiff in protecting their data.  Cal. Penal Code § 502(e)(1);

b.  An order enjoining violations of CDAFA. Cal. Penal Code § 502(e)(1);

c.  Disgorgement of money and data derived from Defendant's illicit use of the Data Broker software. Cal. Penal Code § 502(e)(1);

d.  Attorney's fees pursuant to Cal. Penal Code § 502(e)(2); and

e.  Punitive damages Cal. Penal Code § 502(e)(4).

f.  For costs of suit;

- 8 -
COMPLAINT

g.  For any and all other relief, at law or equity, that may be appropriate.

DATED: March 26, 2026                              TAULER SMITH LLP


                                        By:   /s/ Robert Tauler
                                              Robert Tauler, Esq.
                                              Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.


DATED: March 26, 2026                    TAULER SMITH LLP


                                 By:   /s/ Robert Tauler
                                       Robert Tauler, Esq.
                                       *Attorneys for Plaintiff*

- 10 -
COMPLAINT

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| Robert Tauler<br>Tauler Smith LLP<br>626 Wilshire Blvd., Suite 1100<br>Los Angeles, CA 90017<br><br>ATTORNEY FOR (Name): Plaintiff Danielle Garfinkel | 241964 | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 N. Hill Street, Los Angeles, CA 90012

PLAINTIFF/PETITIONER:
Danielle Garfinkel

DEFENDANT/RESPONDENT:
Larada Sciences, Inc.

| **PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**<br>**(Code Civ. Proc., § 170.6)** | CASE NUMBER:<br>26STCV09770 |
|---|---|

| Name of Judicial Officer: (PRINT)<br><br>Teresa A. Beaudet | Dept. Number:<br><br>50 |
|---|---|
| ☑ Judge          ☐ Commissioner          ☐ Referee | |

I am a party (or attorney for a party) to this action or special proceeding. The judicial officer named above, before whom the trial of, or a hearing in, this case is pending, or to whom it has been assigned, is prejudiced against the party (or his or her attorney) or the interest of the party (or his or her attorney), so that declarant cannot, or believes that he or she cannot, have a fair and impartial trial or hearing before the judicial officer.

## DECLARATION

**I declare under penalty of perjury, under the laws of the State of California, that the information entered on this form is true and correct.**

Filed on behalf of: Plaintiff Danielle Garfinkel
Name of Party

☑ Plaintiff/Petitioner          ☐ Cross Complainant
☐ Defendant/Respondent          ☐ Cross Defendant
☐ Other:

Dated: March 26, 2026

Signature of Declarant

Robert Tauler
Printed Name

| Print | Save | | Clear |
|---|---|---|---|

LACIV 015 (Rev. 12-14)
LASC Approved 04-04
For Optional Use

**PEREMPTORY CHALLENGE TO JUDICIAL OFFICER**
**(Code Civ. Proc., § 170.6)**

Code Civ. Proc., § 170.6

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 241964 | FOR COURT USE ONLY |
|---|---|---|

NAME: Robert Tauler
FIRM NAME: Tauler Smith LLP
STREET ADDRESS: 626 Wilshire Blvd., Suite 1100
CITY: Los Angeles    STATE: CA    ZIP CODE: 90017
TELEPHONE NO.: (213) 927-9270    FAX NO.: (310) 943-1455
EMAIL ADDRESS: rtauler@taulersmith.com
ATTORNEY FOR (name): Plaintiff Danielle Garfinkel

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS:
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

FOR COURT USE ONLY:
Electronically FILED by
Superior Court of California,
County of Los Angeles
3/26/2026 11:59 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Ayala, Deputy Clerk

CASE NAME:
DANIELLE GARFINKEL v. LARADA SCIENCES, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 26STCV09770  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3



CM-010

2.  Is this case complex under rule 3.400 of the California Rules of Court?    ☐ Yes    ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a.  ☐  Large number of separately represented parties

b.  ☐  Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c.  ☐  Substantial amount of documentary evidence

d.  ☐  Large number of witnesses

e.  ☐  Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f.  ☐  Substantial postjudgment judicial supervision

3.  Remedies sought (check all that apply):

a.  ☒  monetary

b.  ☒  nonmonetary; declaratory or injunctive relief

c.  ☐  punitive

4.  Number of causes of action (specify):

5.  Is this case a class action suit?    ☐ Yes    ☒ No

6.  If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:  March 26, 2026

Robert Tauler
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

Rev. January 1, 2026

**Civil Case Cover Sheet**

CM-010, Page 2 of 3



CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/ Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/ environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals
**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication (47)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

Rev. January 1, 2026

**Civil Case Cover Sheet**

CM-010, Page 3 of 3

For your protection and privacy, please press the Clear button after you have printed the form.

Print        Save        Clear

| SHORT TITLE | CASE NUMBER |
|---|---|
| DANIELLE GARFINKEL v. LARADA SCIENCES, INC. | 26STCV09770 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Courthouse Location (Column C)

| | | | |
|---|---|---|---|
| 1. | Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. | Location where petitioner resides. |
| 2. | Permissive filing in Central District. | 8. | Location wherein defendant/respondent functions wholly. |
| 3. | Location where cause of action arose. | 9. | Location where one or more of the parties reside. |
| 4. | Location where bodily injury, death or damage occurred. | 10. | Location of Labor Commissioner Office. |
| 5. | Location where performance required, or defendant resides. | 11. | Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. | Location of property or permanently garaged vehicle. | | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| DANIELLE GARFINKEL v. LARADA SCIENCES, INC. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| DANIELLE GARFINKEL v. LARADA SCIENCES, INC. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract (Continued)** | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| DANIELLE GARFINKEL v. LARADA SCIENCES, INC. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☑ 4204 Other Civil Complaint (non-tort/non-complex) | 1, ②, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE DANIELLE GARFINKEL v. LARADA SCIENCES, INC. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: 626 Wilshire Blvd. |
|---|---|
| CITY: Los Angeles  | STATE: CA   ZIP CODE: 90017 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _March 26, 2026_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>03/26/2026<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ Y. Ayala _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>26STCV09770 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Teresa A. Beaudet | 50 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/26/2026
   (Date)

David W. Slayton, Executive Officer / Clerk of Court

By Y. Ayala _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



### Superior Court of California, County of Los Angeles
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

### TYPES OF ADR

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

### ADVANTAGES OF ADR

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

### DISADVANTAGES OF ADR

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

### WEBSITE RESOURCES FOR ADR

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 12/25
For Mandatory Use

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

LASC CIV 271 Rev. 12/25
For Mandatory Use

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*